UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENAWE MEHARI, | No. C 07-6005 TEH (PR) |
| Petitioner, | **ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK** |
| v. | |
| T. FELKER, Warden, | |
| Respondent. | |

Petitioner, a prisoner of the State of California, currently incarcerated at High Desert State Prison located in Susanville, California, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, in the petition, Petitioner states that he has not exhausted any of his claims in the California Supreme Court in that he alleges that he appealed the plea agreement to the California Court of Appeal and he is "not sure" of further appeals. He also states that he has filed previous "any other petitions, applications or motions with respect to this conviction" only in the Alameda County Superior Court. Further, this Court has confirmed, by a search of the California Appellate Courts Case Information System, that no action was filed in the California Supreme Court by Petitioner and that the judgment was affirmed in his appeal to the California Court of Appeal on June 28, 2006.

1

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. <u>See Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

B. <u>Exhaustion</u>

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). As Petitioner has not presented any of his claims to the highest state court, he has not exhausted his state court remedies. As such, the petition must be dismissed. <u>See Rose v. Lundy</u>, 455 U.S. 509, 510 (1982), <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in <u>Rhines v. Webber</u>, 125 S. Ct. 1528, 1535 (2005) to completely unexhausted petitions and finding that the district court must dismiss such a petition based on <u>Jimenez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)).

A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. <u>See Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this petition is DISMISSED

1 | without prejudice to Petitioner's filing a new federal habeas petition once he has
2 | exhausted state remedies by presenting his claims to the highest state court. The Clerk
3 | shall enter judgment and close the file.
4 | SO ORDERED.

DATED: 12/14/07

_____
THELTON E. HENDERSON
United States District Judge